FURUYA & CO. *v.* UNITED STATES

No. 4804.—Invoice dated Yokohama, Japan, March 20, 1936.
Entered at Seattle, Wash., April 9, 1936.
Entry No. 601.

(Decided March 21, 1940)

*Lawrence & Tuttle* for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

BROWN, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That as to the merchandise involved herein, marked "A" and checked
<u>S. S. B.</u>    by Examiner <u>Sydney S. Birks Jr.</u> on the invoices covered by this
(initials of examiner)       (name of examiner)
appeal, the market value or price at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit prices, packed.

(2) That at the time of exportation there was no higher foreign value for this merchandise and that the appraisement made under authority of the Presidential proclamation published in TD 46158 was not applicable to said merchandise, based upon the decisions in RD 4444 and 4570.

(3) That this case may be submitted on the foregoing stipulation. The appeal is abandoned as to all merchandise not marked with the letter "A".

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the

determination of the value of the merchandise here involved, and that such values are as follows:

As to the merchandise involved herein, marked A and checked S. S. B. by Examiner Sydney S. Birks on the invoices are the unit invoiced prices, packed.

The appeal having been abandoned as to all merchandise not marked with the letter A, I find the dutiable values to be the values returned by the appraiser. Judgment will be rendered accordingly.